

Entered on Docket
September 21, 2010

_____
Hon. Linda B. Riegle
United States Bankruptcy Judge

WILDE & ASSOCIATES
Gregory L. Wilde, Esq.
Nevada Bar No. 004417
212 South Jones Boulevard
Las Vegas, Nevada 89107
Telephone: 702 258-8200
Fax: 702 258-8787
HSBC Bank USA, National Association, as Trustee for the holders of Deutsche Alt-A Securities Mortgage Loan Trust, Series 2006-AR5
10-71908

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| In Re: | BK-S-09-17730-lbr |
|---|---|
| Donald Joseph Miguel and Sonja Bernice Miguel | Motion No. 89<br>Date: September 15, 2010<br>Time: 10:30 A.M. |
| | Chapter 13 |
| Debtors. | |

## ORDER RE ADEQUATE PROTECTION

Secured Creditor's Motion for Relief from the Automatic Stay having come on for hearing in the above-entitled Court, all appearances as noted on court record, and based upon all the papers and pleadings on file herein and good cause appearing therefore,

IT IS HEREBY ORDERED, ADJUDGED and DECREED that the debtors will cure the post-petition arrearages currently due as follows:

| | |
|---|---|
| 3 Monthly Payments(s) at $3,739.65 | $11,218.95 |
| (July 1, 2010 - September 1, 2010) | |
| 2 Late Charge(s) at $166.20 | $332.40 |
| (July 1, 2010 - August 1, 2010) | |
| Motion for Relief Filing Fee | $150.00 |
| Attorneys Fees | $750.00 |
| Suspense Amount | ($0.30) |
| Total | $12,451.05 |

The preceding arrearages are based upon the payment history attachd hereto as Exhibit "A". Debtor's Proof of Payments, attached as Exhibit "B", indicate that two additional payments have been made. Check #3249 dated June 9, 2010 in the amount of $3,739.65 was applied to Debtor's account on July 22, 2010 to the debtors June 1, 2010 monthly payment. Check #3279 dated July 23, 2010 in the amount of $3,739.65 has not been received by Secured Creditor. The proof of payment provided for this check is a copy of the check and does not indicate that funds have been removed from Debtor's account.

The total arrearage shall be paid in six monthly installments. Payments one through five (1-5) in the amount of $2,075.18 shall be in addition to the regular monthly payment and shall be due on or before the 20th day of the month commencing with the October 20, 2010 payment and continuing throughout and concluding on or before February 20, 2010. The sixth final payment in the amount of $2,075.18 shall be paid on or before March 20, 2011.

IT IS FURTHER ORDERED, ADJUDGED and DECREED that the Secured Creditor shall give Debtors at least five business days' notice of the time, place and date of sale.

IT IS FURTHER ORDERED, ADJUDGED and DECREED that the Debtors shall resume and maintain the regular monthly payments in a timely fashion, outside of any Bankruptcy Plan, beginning with the October 1, 2010 payment, on Secured Creditor's Trust obligation, encumbering the subject Property, generally described as 321 East Middleton Drive, Henderson, NV 89015, and legally described as follows:

All that certain real property situated in the County of Clark, State of Nevada, described as follows:

The North Half (N 1/2) of the West Half (W 1/2) of the Southeast Quarter (SE 1/4) of the Northwest Quarter (Northwest 1/4) of the Northeast Quarter (Northeast 1/4) of the Southeast Quarter (SE 1/4) of Section 19, Township 22 South, Range 63 East, M.D.M.

Excepting and reserving also to the United States all oil, gas, and other mineral deposits in the land, together with the right to prospect for, min and remove the same according to the provisions of the Act of June 1, 1938, as reserved in the patent recorded October 28, 1959, in Book 219 of Official Records, Clark County, Nevada records, as Document No. 177934.

IT IS FURTHER ORDERED, ADJUDGED and DECREED that if the Debtors fail to make any payments as stated in this Order, or fail to maintain the regular monthly payments on Secured Creditor's Trust Deed obligation, allowing the normal grace period, then Secured Creditor may file and serve upon Debtors and Debtors' counsel, a fifteen (15) Day Notice Declaration Re Breach of Condition. For each such Declaration Re Breach of Condition filed, there shall be assessed an attorney fees of $100.00, to be paid by the Debtors upon any reinstatement. If upon the sixteenth (16th) day Debtors have failed to cure the delinquency, then Secured Creditor may submit to this Court an Order vacating the automatic stay as to Secured Creditor, and Secured Creditor may thereafter proceed with foreclosure proceedings upon the subject Property, pursuant to applicable State Law, and take any action necessary to obtain complete possession thereof.

Submitted by:

WILDE & ASSOCIATES

By_____
GREGORY L. WILDE, ESQ.
Attorneys for Secured Creditor
212 South Jones Boulevard
Las Vegas, Nevada 89107

APPROVED AS TO FORM & CONTENT:

Kathleen A Leavitt

By_____
Kathleen A Leavitt
Chapter 13 Trustee
201 Las Vegas Blvd., So. #200
Las Vegas, NV 89101

Laura L. Fritz

By_____
Laura L. Fritz
Attorney for Debtors
625 South Sixth Street
Las Vegas, NV 89101

Nevada Bar No. _____

In accordance with Local Rule 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

\_\_\_\_ The court has waived the requirements set forth in LR 9021(b)(1).
\_\_\_\_ No party appeared at the hearing or filed an objection to the motion.
\_x\_ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below [list each property and whether the party has approved, disapproved, or failed to respond to the document]:

\_x\_ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

Debtor's counsel:
\_X\_ approved the form of this order        \_\_\_\_ disapproved the form of this order
\_\_\_\_ waived the right to review the order and/or    \_\_\_\_ failed to respond to the document
\_\_\_\_ appeared at the hearing, waived the right to review the order
\_\_\_\_ matter unopposed, did not appear at the hearing, waived the right to review the order

Trustee:
\_X\_ approved the form of this order        \_\_\_\_ disapproved the form of this order
\_\_\_\_ waived the right to review the order and/or    \_\_\_\_ failed to respond to the document

\_\_\_\_ This is a chapter 9, 11, or 15 case, and I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any trustee appointed in this case any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below.

Debtor's counsel:
\_\_\_\_ approved the form of this order        \_\_\_\_ disapproved the form of this order
\_\_\_\_ waived the right to review the order and/or    \_\_\_\_ failed to respond to the document
\_\_\_\_ appeared at the hearing, waived the right to review the order
\_\_\_\_ matter unopposed, did not appear at the hearing, waived the right to review the order

Trustee:
\_\_\_\_ approved the form of this order        \_\_\_\_ disapproved the form of this order
\_\_\_\_ waived the right to review the order and/or    \_\_\_\_ failed to respond to the document

\_\_\_\_ I certify that I have served a copy of this order with the motion, and no parties appeared or filed written objection.

Submitted by:
/s/ Gregory L. Wilde, Esq.
Gregory L. Wilde, Esq.
Attorney for Secured Creditor